# Exhibit 1

SUPREME COURT OF THE STATE OF
NEW YORK COUNTY OF NEW YORK

OCTALUNA LLC, OCTALUNA II LLC,
OCTALUNA III LLC,

                Plaintiffs,

-against-

RM ACQUISITION, LLC,

                Defendant.

Index No. _____

**NOTICE OF MOTION FOR
SUMMARY JUDGMENT
IN LIEU OF COMPLAINT**

PLEASE TAKE NOTICE THAT, upon the annexed Affidavit of Lynn Tilton, dated June 18, 2020, and the exhibits attached thereto, and the accompanying Memorandum of Law, plaintiffs Octaluna LLC, Octaluna II, LLC, and Octaluna III, LLC (together, "Plaintiffs"), through their attorneys Sher Tremonte LLP, will move this Court in the Motion Submission Part Courtroom, Room 130, at the courthouse located at 60 Centre Street, New York, New York 10007, on the 20th day of July, 2020, at 9:30 a.m., or as soon thereafter as counsel can be heard, for an order, under Civil Practice Law & Rule ("CPLR") § 3213, granting summary judgment in favor of Plaintiffs and against Defendant RM Acquisition, LLC ("RM Acquisition"), and granting to Plaintiffs such other and further relief as is just and proper.

This is an action based upon instruments for the payment of money only, specifically, three promissory notes issued by RM Acquisition in favor of Plaintiffs.

PLEASE TAKE FURTHER NOTICE that, pursuant to CPLR § 2213, answering papers,

if any, shall be served upon the undersigned counsel for Plaintiffs so as to be received no later

than ten (10) days before the return date of this motion.

Dated: New York, New York
June 19, 2020

**SHER TREMONTE LLP**

By: _____

Theresa Trzaskoma
Kimo S. Peluso
Jennifer Luo
90 Broad Street, 23rd Floor
New York, New York 10004
Tel: (212) 202-2600
ttrzaskoma@shertremonte.com
kpeluso@shertremonte.com
jluo@shertremonte.com

*Attorneys for Plaintiffs Octaluna, LLC, Octaluna II, LLC, and Octaluna III, LLC.*

TO:   RM Acquisition, LLC
      9855 Woods Drive
      Skokie, Illinois 60077

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

OCTALUNA LLC, OCTALUNA II LLC,
OCTALUNA III LLC,

Index No. _____

Plaintiffs,

-against-

**SUMMONS**

RM ACQUISITION, LLC,

Defendant.

**TO THE ABOVE NAMED DEFENDANT**:

**YOU ARE HEREBY SUMMONED** and required to appear in this action and to answer

the accompanying Notice of Motion, served in lieu of a complaint, by serving a copy of your

answering papers on the undersigned attorneys for Plaintiffs Octaluna LLC, Octaluna II, LLC,

and Octaluna III, LLC, not later than ten days prior to July 20, 2020, the date for which such

motion is noticed. Upon your failure to answer, a default judgment will be taken against you for

the relief demanded in the Notice of Motion, including damages, contractual and statutory

interest, reasonable attorneys' fees and the costs and disbursements of this action. The nature of

this action is default of promissory note/breach of contract. Pursuant to the express terms of the

promissory notes at issue, Plaintiffs designate New York County as the place of venue under

CPLR § 503(a).

Dated: New York, New York
         June 19, 2020

SHER TREMONTE LLP

By: _____
        Theresa Trzaskoma
        Kimo S. Peluso
        Jennifer X. Luo
90 Broad Street, 23rd Floor
New York, New York 10004
Tel: (212) 202-2600
Email: ttrzaskoma@shertremonte.com
          kpeluso@shertremonte.com
          jluo@shertremonte.com

*Attorney for Plaintiffs Octaluna LLC, Octaluna II,
LLC, and Octaluna III, LLC*

TO:    RM Acquisition, LLC
          9855 Woods Drive
          Skokie, Illinois 60077

2

Case 1:20-cv-05528-ALC   Document 1-1   Filed 07/17/20   Page 6 of 40

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

OCTALUNA LLC, OCTALUNA II, LLC, and
OCTALUNA III, LLC,

Plaintiffs,

-against-

RM ACQUISITION, LLC,

Defendant.

Index No. _____

**AFFIDAVIT OF LYNN TILTON IN SUPPORT OF OCTALUNA LLC, OCTALUNA II, LLC, AND OCTALUNA III, LLC'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT**

COUNTY OF NEW YORK  )
                     ) ss.
STATE OF NEW YORK    )

LYNN TILTON, being duly sworn, deposes and says:

1.      I am the Manager and ultimate owner of Plaintiffs Octaluna, LLC ("Octaluna I"),

Octaluna II, LLC ("Octaluna II"), and Octaluna III, LLC ("Octaluna III," and together with

Octaluna I and Octaluna II, the "Octaluna Entities").

2.      I submit this Affidavit in support of Plaintiffs' Motion for Summary Judgment in

Lieu of Complaint.

3.      I have personal knowledge of the facts set forth in this affidavit.

**Defendant Enters into the Promissory Notes**

4.      RM Acquisition, LLC ("RM Acquisition") is a Delaware limited liability

company with its principal place of business in Skokie, Illinois. RM Acquisition does business as

"Rand McNally," and sells the well-known Rand McNally branded maps, Road Atlas,  and

educational products,  as well as products and services for the trucking and commercial

transportation industry, including computerized fleet management and compliance systems that

are installed in commercial trucks to provide GPS navigation, mobile communication and electronic logging of hours of service, and other functions that enable trucking companies to manage their fleets and comply with state and federal regulations. Stephen A. Fletcher is the Chief Executive Officer of RM Acquisition.

5.      The Octaluna Entities are Delaware limited liability companies with their principal place of business in New York County, New York.

6.      RM Acquisition failed to make certain mandatory tax distributions to the Octaluna Entities for the tax year 2016.

7.      On or about December 17, 2017, RM Acquisition executed a Promissory Note in favor of Octaluna I in connection with outstanding and unpaid mandatory tax distribution obligations in the amount of $712,143.00. A true and correct copy of the Octaluna I Promissory Note is attached hereto as **Exhibit A**.

8.      On or about December 17, 2017, RM Acquisition executed a Promissory Note in favor of Octaluna II in connection with outstanding and unpaid mandatory tax distribution obligations in the amount of $1,470,912.00 A true and correct copy of the Octaluna II Promissory Note is attached hereto as **Exhibit B**.

9.      On or about December 17, 2017,[1] RM Acquisition executed a Promissory Note in favor of Octaluna III in connection with outstanding and unpaid mandatory tax distribution obligations owed in the amount of $1,080,941.00. A true and correct copy of the Octaluna III Promissory Note is attached hereto as **Exhibit C**.

---

[1] Although Exhibits A, B, and C do not indicate the exact day of execution and indicate only the month and year ("December _, 2017"), I have confirmed that the Notes were executed on or about December 17, 2017 by reviewing an email from Mr. Fletcher transmitting the signed documents. A true and correct copy of that email is attached hereto as **Exhibit D**.

10.     Under the terms of the three Promissory Notes, RM Acquisition was obligated to repay the entire amount of principal due on all three Notes by the Due Date of December 31, 2018. RM Acquisition was also obligated to pay the principal of each Note in monthly installments based on schedules attached to the Notes.

**Defendant Defaults on Its Payment Obligations Under the Notes in Suit**

11.     Although RM Acquisition made installment payments for a period of time, such payments ceased after June 2019. Despite demands for payment, RM Acquisition has failed to pay the entire principal sums under the Promissory Notes. Specifically, RM Acquisition failed to pay the principal balance of $144,200 due on the Octaluna I Promissory Note, failed to pay the principal balance of $480,666 due on the Octaluna II Promissory Note, and failed to pay the principal balance of $218,877 due on the Octaluna III Promissory Note.

12.     RM Acquisition has also failed to pay the accrued interest at "the prime rate (as published in the print version of the Wall Street Journal from time to time) plus three percent (3%) per annum, accruing daily" for amounts outstanding by the installment deadlines specified in the Notes. Ex. A at 1, Ex. B. at 1, and Ex. C. at 1.

3

Case 1:20-cv-05528-ALC Document 1-1 Filed 07/17/20 Page 9 of 40

13.    Currently, the total of the principal sum that remains outstanding under the Notes

between RM Acquisition and the Octaluna Entities is $843,743. The accrued and outstanding

interest as of June 17, 2020 is $143,722.89.

Dated: New York, New York
        June 18, 2020

Lynn Tilton

Subscribed and sworn to before me this
_18th_ day of June, 2020

Carl E. Mercado
Notary Public

CARLOS E MERCADO
Notary Public, State of New York
No. 01ME6154614
Qualified in Kings County
Commission Expires October 23, 2022

4

## PROMISSORY NOTE

Holder: OCTALUNA, LLC

New York, New York

Principal Amount: $712,143.00

December __, 2017

FOR VALUE RECEIVED, the undersigned, RM ACQUISITION, LLC**,** a Delaware limited liability company (the "*Obligor*"), hereby promises to pay to the order of the Holder set forth above (the "*Holder*") the Principal Amount set forth above in installments as set forth on Exhibit A hereto; provided that the Principal Amount must be paid in full by not later than December 31, 2018.  The Obligor acknowledges and agrees that it is obligated to pay Holder the Principal Amount as the tax distribution amount due to Holder based on IRS Form K1 submitted for the tax periods January 1, 2016 to June 14, 2016 and June 15, 2016 to December 31, 2016 (the "*Tax Distribution Obligation*").  No amount owing hereunder shall bear interest except when any amount payable hereunder shall not be paid on the date due hereunder, in which case the amount past due hereunder shall bear interest at the prime rate (as published in the print version of the Wall Street Journal from time to time) plus three percent (3%) *per annum*, accruing daily, calculated on the basis of a 360-days year for actual days elapsed, and due and payable daily in arrears.  Each determination by the Holder of an interest rate hereunder shall be conclusive and binding absent manifest error.  Notwithstanding the foregoing, the interest rate applicable hereunder shall not exceed the maximum rate permitted by applicable law.

Principal, interest and any other amount owing hereunder are payable to the Holder, to Holder's account number set forth in a notice by the Holder to the Obligor in writing in accordance herewith, which notice shall be given no later than 10 days prior to the due date for such amount), in immediately available U.S. dollars.

From and after the date all amounts owing under this Note are repaid in full, all rights of the Holder shall cease with respect hereto (other than any indemnification rights set forth below).  The Obligor agrees that, so long as any amounts shall be due hereunder, it shall comply with the covenants set forth herein.  The Obligor agrees to pay on demand all stamp and other taxes (other than withholding taxes and taxes imposed on, or measured by, net income or overall gross receipts and capital and franchise taxes) payable in connection with the execution and delivery of this Note and all reasonable costs and expenses in connection with the preparation, execution, delivery, administration, modification, amendment, refinancing, restructuring or enforcement of or in commencing, defending or intervening in any litigation or in filing any pleading in legal proceedings relating to, this Note or the transactions contemplated hereby (including, without limitation, reasonable expenses of counsel).

The Obligor hereby represents and warrants that (a) it is duly organized as a limited liability company, validly existing and in good standing under the law of the State of Delaware, is duly qualified as a foreign corporation and in good standing under the law of any jurisdiction where it is conducting its business and has the corporate power and authority to transact the business in which it is now engaged or proposes to be engaged, (b) the execution, delivery and performance by it of its obligations hereunder have been duly authorized by all necessary actions and will not contravene its organizational documents, violate any legal requirement, require any filing with (or the approval of) any governmental authority, require the consent of any person (other than those lawfully obtained prior to the date hereof) and will not result in a breach or constitute a default under any material contractual obligation to which it is a party or by which its properties are bound, (c) this Note has been duly executed and delivered and constitutes the legal, valid and binding obligation of the Obligor, enforceable against it in accordance with its terms except as such enforcement may be limited by general principles of

equity and applicable bankruptcy, insolvency and similar legal requirements affecting creditors' rights and remedies generally.

If (i) the Obligor shall fail to make any payment on the due date set forth on Exhibit A hereto, (ii) the Obligor, shall fail to comply with any covenant set forth above (or any other provision hereof or thereof) or any of the representations and warranties set forth above shall be untrue when made (unless, in each case, such failure is cured within 30 days of the occurrence thereof), or (iii) the Obligor shall, or shall take any corporate action to obtain authorization to, (1) make an assignment for the benefit of its creditors, (2) generally not pay its debts as they become due or (3) petition, apply, consent or be party to any voluntary or involuntary proceeding under (or any decree or order for relief in respect of the Obligor, including, without limitation, a winding up, dissolution or split-up of the Obligor, shall be entered under) any bankruptcy, reorganization, compromise, arrangement, insolvency, readjustment of debt, dissolution, liquidation or similar legal requirements and, in the case of any such proceeding against (but not instituted by) the Obligor, such proceeding shall remain undismissed or unstayed for 45 days or any of the actions sought therein shall occur, or (iv) any interest in all or substantial part of the assets of the Obligor are condemned, seized or appropriated by any governmental authority, (v) any provision of this Note shall cease to be valid, binding or enforceable or (vi) one or more final, non-appealable material judgments or orders shall be entered against the Obligor in excess of $100,000.00, or (vii) any event or condition shall exist if the effect of such event or condition is to permit any indebtedness of the Obligor (other than the Tax Distribution Obligation) in excess of $100,000.00 to be accelerated and become due prior to the maturity date thereof (each an "*Event of Default*"), *then*, immediately upon notice from the Holder (except in the case of *clause (iii)* above, in which case no such notice shall be required hereunder) the entire Principal Amount, together with all interest accrued to such date and any other amounts owing hereunder shall immediately become due and payable.  Each remedy of the Holder shall be cumulative and not exclusive, and no failure to exercise, and no delay in exercise, or single or partial exercise of, any right or remedy of the Holder, shall preclude any further or other exercise of any right or remedy thereof.

The Obligor agrees to indemnify the Holder from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits and reasonable, documented, out-of-pocket cost, expenses and disbursements of any kind or nature whatsoever which may be imposed on, incurred by, or asserted against the Holder or its affiliates or any of their respective stockholders, directors, officers, agents, attorneys, trustees and employees, or any of their successors and assigns (collectively, the "_Indemnitees_") in any way relating to or arising out of this Note (other than the preparation thereof) or any related transaction (whether actual or proposed), or any action taken or omitted by the Holder hereunder; provided, that the Obligor shall not be liable for any portion of such liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements resulting from the gross negligence or willful misconduct of such Indemnitee as determined in a final, non-appealable judgment by a court of competent jurisdiction.  This paragraph shall survive the repayment of this Note.

Demand, diligence, presentment, protest, notice of dishonor and notice of non-payment are hereby waived by the Obligor.  This Note (i) shall be deemed to have been issued under, and shall be governed by and construed in accordance with, the laws of the State of New York, (ii) has been executed in the English language, and the English text shall prevail over any translation, (iii) is for the exclusive benefit of the parties hereto and their successors (and, if permitted, assigns) and constitutes the entire agreement of such parties, superseding all prior agreements among them, with respect to the subject matter hereof, (iv) may be modified, waived or assigned only by a writing signed by the Holder and the Obligor (and any attempt to assign this

PROMISSORY NOTE OF RM ACQUISITION, LLC

Note without such writing shall be null and void), (v) may be executed in counterparts, which may be transmitted by fax or e-mail and which, together, shall constitute one and the same instrument and (vi) is a negotiated document, entered into freely among the parties upon advice of their own counsel, and it should not be construed against any of its drafters.  The fact that any term or provision of this Note is held invalid, illegal or unenforceable as to any person in any situation in any jurisdiction shall not affect the validity, enforceability or legality of the remaining terms or provisions hereof or the validity, enforceability or legality of such offending term or provision in any other situation or jurisdiction or as applied to any person. Each party hereto hereby irrevocably submits to the non-exclusive jurisdiction of the courts located in the City of New York, Borough of Manhattan (and the appropriate appellate courts) and hereby irrevocably and unconditionally (x) waives (1) any objection to the laying of venue in any such court for any claim, action or proceeding directly or indirectly with respect to, arising out of or relating to this Note or the actions of the parties hereto or any of their affiliates or representatives in the negotiation, performance or enforcement of this letter agreement or the Tax Distribution Obligation and **(2) any right to trial by jury with respect to any such claim, action or proceeding** and (y) consents to service of process in any such action or proceeding by, in addition to any other means otherwise permitted by law, the mailing of copies of such process at its address specified herein.

[SIGNATURE PAGES FOLLOW]

IN WITNESS WHEREOF, the Obligor has caused this Note to be executed and delivered by its duly authorized officer as of the day and year and at the place set forth above.

RM ACQUISITION, LLC

By: _____

Name: Stephen A. Fletcher
Title: Chief Executive Officer

Address for Notices:

9855 Woods Drive
Skokie, Illinois 60077

ACCEPTED AND AGREED
AS OF THE DATE FIRST ABOVE WRITTEN:

OCTALUNA, LLC
By:  Patriarch Partners VIII, LLC,
its Managing Member

By: _____
Name: Lynn Tilton
Title:   Manager

Address for Notices:

One Liberty Plaza, 35th Floor
New York, NY 10006

Exhibit A

The principal amount of the Note ($712,143.00) shall be paid in installments to the Holder in the amount set forth below not later than the date indicated.

| Date | Amount |
|---|---|
| January 15, 2018 | $59,345.00 |
| February 15, 2018 | $59,345.00 |
| March 15, 2018 | $59,345.00 |
| April 15, 2018 | $59,345.00 |
| May 15, 2018 | $59,345.00 |
| June 15, 2018 | $59,345.00 |
| July 15, 2018 | $59,345.00 |
| August 15, 208 | $59,345.00 |
| September 15, 2018 | $59,345.00 |
| October 15, 2018 | $59,345.00 |
| November 15, 2018 | $59,345.00 |
| December 15, 2018 | $59,348.00 |
| Total | $712,143.00 |

Case 1:20-cv-05528-ALC   Document 1-1   Filed 07/17/20   Page 15 of 40

## PROMISSORY NOTE

Holder: OCTALUNA II, LLC

Principal Amount: $1,470,912.00

New York, New York

December __, 2017

FOR VALUE RECEIVED, the undersigned, RM ACQUISITION, LLC, a Delaware limited liability company (the "*Obligor*"), hereby promises to pay to the order of the Holder set forth above (the "*Holder*") the Principal Amount set forth above in installments as set forth on Exhibit A hereto; provided that the Principal Amount must be paid in full by not later than December 31, 2018.  The Obligor acknowledges and agrees that it is obligated to pay Holder the Principal Amount as the tax distribution amount due to Holder based on IRS Form K1 submitted for the tax period June 15, 2016 to December 31, 2016 (the "*Tax Distribution Obligation*").  No amount owing hereunder shall bear interest except when any amount payable hereunder shall not be paid on the date due hereunder, in which case the amount past due hereunder shall bear interest at the prime rate (as published in the print version of the Wall Street Journal from time to time) plus three percent (3%) *per annum*, accruing daily, calculated on the basis of a 360-days year for actual days elapsed, and due and payable daily in arrears.  Each determination by the Holder of an interest rate hereunder shall be conclusive and binding absent manifest error.  Notwithstanding the foregoing, the interest rate applicable hereunder shall not exceed the maximum rate permitted by applicable law.

Principal, interest and any other amount owing hereunder are payable to the Holder, to Holder's account number set forth in a notice by the Holder to the Obligor in writing in accordance herewith, which notice shall be given no later than 10 days prior to the due date for such amount), in immediately available U.S. dollars.

From and after the date all amounts owing under this Note are repaid in full, all rights of the Holder shall cease with respect hereto (other than any indemnification rights set forth below).  The Obligor agrees that, so long as any amounts shall be due hereunder, it shall comply with the covenants set forth herein.  The Obligor agrees to pay on demand all stamp and other taxes (other than withholding taxes and taxes imposed on, or measured by, net income or overall gross receipts and capital and franchise taxes) payable in connection with the execution and delivery of this Note and all reasonable costs and expenses in connection with the preparation, execution, delivery, administration, modification, amendment, refinancing, restructuring or enforcement of or in commencing, defending or intervening in any litigation or in filing any pleading in legal proceedings relating to, this Note or the transactions contemplated hereby (including, without limitation, reasonable expenses of counsel).

The Obligor hereby represents and warrants that (a) it is duly organized as a limited liability company, validly existing and in good standing under the law of the State of Delaware, is duly qualified as a foreign corporation and in good standing under the law of any jurisdiction where it is conducting its business and has the corporate power and authority to transact the business in which it is now engaged or proposes to be engaged, (b) the execution, delivery and performance by it of its obligations hereunder have been duly authorized by all necessary actions and will not contravene its organizational documents, violate any legal requirement, require any filing with (or the approval of) any governmental authority, require the consent of any person (other than those lawfully obtained prior to the date hereof) and will not result in a breach or constitute a default under any material contractual obligation to which it is a party or by which its properties are bound, (c) this Note has been duly executed and delivered and constitutes the legal, valid and binding obligation of the Obligor, enforceable against it in accordance with its terms except as such enforcement may be limited by general principles of

equity and applicable bankruptcy, insolvency and similar legal requirements affecting creditors' rights and remedies generally.

If (i) the Obligor shall fail to make any payment on the due date set forth on Exhibit A hereto, (ii) the Obligor, shall fail to comply with any covenant set forth above (or any other provision hereof or thereof) or any of the representations and warranties set forth above shall be untrue when made (unless, in each case, such failure is cured within 30 days of the occurrence thereof), or (iii) the Obligor shall, or shall take any corporate action to obtain authorization to, (1) make an assignment for the benefit of its creditors, (2) generally not pay its debts as they become due or (3) petition, apply, consent or be party to any voluntary or involuntary proceeding under (or any decree or order for relief in respect of the Obligor, including, without limitation, a winding up, dissolution or split-up of the Obligor, shall be entered under) any bankruptcy, reorganization, compromise, arrangement, insolvency, readjustment of debt, dissolution, liquidation or similar legal requirements and, in the case of any such proceeding against (but not instituted by) the Obligor, such proceeding shall remain undismissed or unstayed for 45 days or any of the actions sought therein shall occur, or (iv) any interest in all or substantial part of the assets of the Obligor are condemned, seized or appropriated by any governmental authority, (v) any provision of this Note shall cease to be valid, binding or enforceable or (vi) one or more final, non-appealable material judgments or orders shall be entered against the Obligor in excess of $100,000.00, or (vii) any event or condition shall exist if the effect of such event or condition is to permit any indebtedness of the Obligor (other than the Tax Distribution Obligation) in excess of $100,000.00 to be accelerated and become due prior to the maturity date thereof (each an "*Event of Default*"), *then*, immediately upon notice from the Holder (except in the case of *clause (iii)* above, in which case no such notice shall be required hereunder) the entire Principal Amount, together with all interest accrued to such date and any other amounts owing hereunder shall immediately become due and payable. Each remedy of the Holder shall be cumulative and not exclusive, and no failure to exercise, and no delay in exercise, or single or partial exercise of, any right or remedy of the Holder, shall preclude any further or other exercise of any right or remedy thereof.

The Obligor agrees to indemnify the Holder from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits and reasonable, documented, out-of-pocket cost, expenses and disbursements of any kind or nature whatsoever which may be imposed on, incurred by, or asserted against the Holder or its affiliates or any of their respective stockholders, directors, officers, agents, attorneys, trustees and employees, or any of their successors and assigns (collectively, the "*Indemnitees*") in any way relating to or arising out of this Note (other than the preparation thereof) or any related transaction (whether actual or proposed), or any action taken or omitted by the Holder hereunder; provided, that the Obligor shall not be liable for any portion of such liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements resulting from the gross negligence or willful misconduct of such Indemnitee as determined in a final, non-appealable judgment by a court of competent jurisdiction. This paragraph shall survive the repayment of this Note.

Demand, diligence, presentment, protest, notice of dishonor and notice of non-payment are hereby waived by the Obligor. This Note (i) shall be deemed to have been issued under, and shall be governed by and construed in accordance with, the laws of the State of New York, (ii) has been executed in the English language, and the English text shall prevail over any translation, (iii) is for the exclusive benefit of the parties hereto and their successors (and, if permitted, assigns) and constitutes the entire agreement of such parties, superseding all prior agreements among them, with respect to the subject matter hereof, (iv) may be modified, waived or assigned only by a writing signed by the Holder and the Obligor (and any attempt to assign this

PROMISSORY NOTE OF RM ACQUISITION, LLC

Note without such writing shall be null and void), (v) may be executed in counterparts, which may be transmitted by fax or e-mail and which, together, shall constitute one and the same instrument and (vi) is a negotiated document, entered into freely among the parties upon advice of their own counsel, and it should not be construed against any of its drafters.  The fact that any term or provision of this Note is held invalid, illegal or unenforceable as to any person in any situation in any jurisdiction shall not affect the validity, enforceability or legality of the remaining terms or provisions hereof or the validity, enforceability or legality of such offending term or provision in any other situation or jurisdiction or as applied to any person. Each party hereto hereby irrevocably submits to the non-exclusive jurisdiction of the courts located in the City of New York, Borough of Manhattan (and the appropriate appellate courts) and hereby irrevocably and unconditionally (x) waives (1) any objection to the laying of venue in any such court for any claim, action or proceeding directly or indirectly with respect to, arising out of or relating to this Note or the actions of the parties hereto or any of their affiliates or representatives in the negotiation, performance or enforcement of this letter agreement or the Tax Distribution Obligation and **(2) any right to trial by jury with respect to any such claim, action or proceeding** and (y) consents to service of process in any such action or proceeding by, in addition to any other means otherwise permitted by law, the mailing of copies of such process at its address specified herein.

[SIGNATURE PAGES FOLLOW]

IN WITNESS WHEREOF, the Obligor has caused this Note to be executed and delivered by its duly authorized officer as of the day and year and at the place set forth above.

RM ACQUISITION, LLC

By: _____
Name: Stephen A. Fletcher
Title: Chief Executive Officer

Address for Notices:

9855 Woods Drive
Skokie, Illinois 60077

ACCEPTED AND AGREED
AS OF THE DATE FIRST ABOVE WRITTEN:

OCTALUNA II, LLC
By: Patriarch Partners XIV, LLC,
its Managing Member

By: _____
Name: Lynn Tilton
Title: Manager

Address for Notices:

One Liberty Plaza, 35th Floor
New York, NY 10006

PROMISSORY NOTE OF RM ACQUISITION, LLC

Exhibit A

The principal amount of the Note ($1,470,912.00) shall be paid in installments to the Holder in the amount set forth below not later than the date indicated.

| Date | Amount |
|------|--------|
| January 15, 2018 | $122,576.00 |
| February 15, 2018 | $122,576.00 |
| March 15, 2018 | $122,576.00 |
| April 15, 2018 | $122,576.00 |
| May 15, 2018 | $122,576.00 |
| June 15, 2018 | $122,576.00 |
| July 15, 2018 | $122,576.00 |
| August 15, 208 | $122,576.00 |
| September 15, 2018 | $122,576.00 |
| October 15, 2018 | $122,576.00 |
| November 15, 2018 | $122,576.00 |
| December 15, 2018 | $122,576.00 |
| Total | $1,470,912.00 |

## PROMISSORY NOTE

Holder: OCTALUNA III, LLC
Principal Amount: $1,080,941.00

New York, New York
December __, 2017

FOR VALUE RECEIVED, the undersigned, RM ACQUISITION, LLC**,** a Delaware limited liability company (the "*Obligor*"), hereby promises to pay to the order of the Holder set forth above (the "*Holder*") the Principal Amount set forth above in installments as set forth on Exhibit A hereto; provided that the Principal Amount must be paid in full by not later than December 31, 2018. The Obligor acknowledges and agrees that it is obligated to pay Holder the Principal Amount as the tax distribution amount due to Holder based on IRS Form K1 submitted for the tax periods January 1, 2016 to June 14, 2016 and June 15, 2016 to December 31, 2016 (the "*Tax Distribution Obligation*"). No amount owing hereunder shall bear interest except when any amount payable hereunder shall not be paid on the date due hereunder, in which case the amount past due hereunder shall bear interest at the prime rate (as published in the print version of the Wall Street Journal from time to time) plus three percent (3%) *per annum*, accruing daily, calculated on the basis of a 360-days year for actual days elapsed, and due and payable daily in arrears. Each determination by the Holder of an interest rate hereunder shall be conclusive and binding absent manifest error. Notwithstanding the foregoing, the interest rate applicable hereunder shall not exceed the maximum rate permitted by applicable law.

Principal, interest and any other amount owing hereunder are payable to the Holder, to Holder's account number set forth in a notice by the Holder to the Obligor in writing in accordance herewith, which notice shall be given no later than 10 days prior to the due date for such amount), in immediately available U.S. dollars.

From and after the date all amounts owing under this Note are repaid in full, all rights of the Holder shall cease with respect hereto (other than any indemnification rights set forth below). The Obligor agrees that, so long as any amounts shall be due hereunder, it shall comply with the covenants set forth herein. The Obligor agrees to pay on demand all stamp and other taxes (other than withholding taxes and taxes imposed on, or measured by, net income or overall gross receipts and capital and franchise taxes) payable in connection with the execution and delivery of this Note and all reasonable costs and expenses in connection with the preparation, execution, delivery, administration, modification, amendment, refinancing, restructuring or enforcement of or in commencing, defending or intervening in any litigation or in filing any pleading in legal proceedings relating to, this Note or the transactions contemplated hereby (including, without limitation, reasonable expenses of counsel).

The Obligor hereby represents and warrants that (a) it is duly organized as a limited liability company, validly existing and in good standing under the law of the State of Delaware, is duly qualified as a foreign corporation and in good standing under the law of any jurisdiction where it is conducting its business and has the corporate power and authority to transact the business in which it is now engaged or proposes to be engaged, (b) the execution, delivery and performance by it of its obligations hereunder have been duly authorized by all necessary actions and will not contravene its organizational documents, violate any legal requirement, require any filing with (or the approval of) any governmental authority, require the consent of any person (other than those lawfully obtained prior to the date hereof) and will not result in a breach or constitute a default under any material contractual obligation to which it is a party or by which its properties are bound, (c) this Note has been duly executed and delivered and constitutes the legal, valid and binding obligation of the Obligor, enforceable against it in accordance with its terms except as such enforcement may be limited by general principles of

FILED: NEW YORK COUNTY CLERK 06/19/2020 06:33 PM

NYSCEF DOC. NO. 6

INDEX NO. 652625/2020

RECEIVED NYSCEF: 06/19/2020

Case 1:20-cv-05528-ALC   Document 1-1   Filed 07/17/20   Page 21 of 40

PROMISSORY NOTE OF RM ACQUISITION, LLC

equity and applicable bankruptcy, insolvency and similar legal requirements affecting creditors' rights and remedies generally.

If (i) the Obligor shall fail to make any payment on the due date set forth on Exhibit A hereto, (ii) the Obligor, shall fail to comply with any covenant set forth above (or any other provision hereof or thereof) or any of the representations and warranties set forth above shall be untrue when made (unless, in each case, such failure is cured within 30 days of the occurrence thereof), or (iii) the Obligor shall, or shall take any corporate action to obtain authorization to, (1) make an assignment for the benefit of its creditors, (2) generally not pay its debts as they become due or (3) petition, apply, consent or be party to any voluntary or involuntary proceeding under (or any decree or order for relief in respect of the Obligor, including, without limitation, a winding up, dissolution or split-up of the Obligor, shall be entered under) any bankruptcy, reorganization, compromise, arrangement, insolvency, readjustment of debt, dissolution, liquidation or similar legal requirements and, in the case of any such proceeding against (but not instituted by) the Obligor, such proceeding shall remain undismissed or unstayed for 45 days or any of the actions sought therein shall occur, or (iv) any interest in all or substantial part of the assets of the Obligor are condemned, seized or appropriated by any governmental authority, (v) any provision of this Note shall cease to be valid, binding or enforceable or (vi) one or more final, non-appealable material judgments or orders shall be entered against the Obligor in excess of $100,000.00, or (vii) any event or condition shall exist if the effect of such event or condition is to permit any indebtedness of the Obligor (other than the Tax Distribution Obligation) in excess of $100,000.00 to be accelerated and become due prior to the maturity date thereof (each an "*Event of Default*"), *then*, immediately upon notice from the Holder (except in the case of *clause (iii)* above, in which case no such notice shall be required hereunder) the entire Principal Amount, together with all interest accrued to such date and any other amounts owing hereunder shall immediately become due and payable. Each remedy of the Holder shall be cumulative and not exclusive, and no failure to exercise, and no delay in exercise, or single or partial exercise of, any right or remedy of the Holder, shall preclude any further or other exercise of any right or remedy thereof.

The Obligor agrees to indemnify the Holder from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits and reasonable, documented, out-of-pocket cost, expenses and disbursements of any kind or nature whatsoever which may be imposed on, incurred by, or asserted against the Holder or its affiliates or any of their respective stockholders, directors, officers, agents, attorneys, trustees and employees, or any of their successors and assigns (collectively, the "*Indemnitees*") in any way relating to or arising out of this Note (other than the preparation thereof) or any related transaction (whether actual or proposed), or any action taken or omitted by the Holder hereunder; provided, that the Obligor shall not be liable for any portion of such liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements resulting from the gross negligence or willful misconduct of such Indemnitee as determined in a final, non-appealable judgment by a court of competent jurisdiction. This paragraph shall survive the repayment of this Note.

Demand, diligence, presentment, protest, notice of dishonor and notice of non-payment are hereby waived by the Obligor. This Note (i) shall be deemed to have been issued under, and shall be governed by and construed in accordance with, the laws of the State of New York, (ii) has been executed in the English language, and the English text shall prevail over any translation, (iii) is for the exclusive benefit of the parties hereto and their successors (and, if permitted, assigns) and constitutes the entire agreement of such parties, superseding all prior agreements among them, with respect to the subject matter hereof, (iv) may be modified, waived or assigned only by a writing signed by the Holder and the Obligor (and any attempt to assign this

Note without such writing shall be null and void), (v) may be executed in counterparts, which may be transmitted by fax or e-mail and which, together, shall constitute one and the same instrument and (vi) is a negotiated document, entered into freely among the parties upon advice of their own counsel, and it should not be construed against any of its drafters. The fact that any term or provision of this Note is held invalid, illegal or unenforceable as to any person in any situation in any jurisdiction shall not affect the validity, enforceability or legality of the remaining terms or provisions hereof or the validity, enforceability or legality of such offending term or provision in any other situation or jurisdiction or as applied to any person. Each party hereto hereby irrevocably submits to the non-exclusive jurisdiction of the courts located in the City of New York, Borough of Manhattan (and the appropriate appellate courts) and hereby irrevocably and unconditionally (x) waives (1) any objection to the laying of venue in any such court for any claim, action or proceeding directly or indirectly with respect to, arising out of or relating to this Note or the actions of the parties hereto or any of their affiliates or representatives in the negotiation, performance or enforcement of this letter agreement or the Tax Distribution Obligation and **(2) any right to trial by jury with respect to any such claim, action or proceeding** and (y) consents to service of process in any such action or proceeding by, in addition to any other means otherwise permitted by law, the mailing of copies of such process at its address specified herein.

[SIGNATURE PAGES FOLLOW]

IN WITNESS WHEREOF, the Obligor has caused this Note to be executed and delivered by its duly authorized officer as of the day and year and at the place set forth above.

RM ACQUISITION, LLC

By: _____
Name: Stephen A. Fletcher
Title: Chief Executive Officer

Address for Notices:

9855 Woods Drive
Skokie, Illinois 60077

ACCEPTED AND AGREED
AS OF THE DATE FIRST ABOVE WRITTEN:

OCTALUNA III, LLC
By: Patriarch Partners XV, LLC,
its Managing Member

By: _____
Name: Lynn Tilton
Title: Manager

Address for Notices:

One Liberty Plaza, 35th Floor
New York, NY 10006

PROMISSORY NOTE OF RM ACQUISITION, LLC

<u>Exhibit A</u>

The principal amount of the Note ($1,080,941.00) shall be paid in installments to the Holder in the amount set forth below not later than the date indicated.

| Date | Amount |
|------|--------|
| January 15, 2018 | $90,078.00 |
| February 15, 2018 | $90,078.00 |
| March 15, 2018 | $90,078.00 |
| April 15, 2018 | $90,078.00 |
| May 15, 2018 | $90,078.00 |
| June 15, 2018 | $90,078.00 |
| July 15, 2018 | $90,078.00 |
| August 15, 208 | $90,078.00 |
| September 15, 2018 | $90,078.00 |
| October 15, 2018 | $90,078.00 |
| November 15, 2018 | $90,078.00 |
| December 15, 2018 | $90,083.00 |
| Total | $1,080,941.00 |

**Jennifer Luo**

| | |
|---|---|
| **From:** | Stephen A. Fletcher <sfletcher@RandMcNally.com> |
| **Sent:** | Sunday, December 17, 2017 5:04 PM |
| **To:** | Carlos Mercado |
| **Cc:** | Kevin Dell; Alicia Staggers; Grace Chang; Bob Delaney |
| **Subject:** | Re: Privileged & Confidential - Tax Distribution |
| **Attachments:** | 2017 12 13 Patriarch Form - Promissory Note (Octaluna $712143) copy.pdf; 2017 12 13 Patriarch Form - Promissory Note (Octaluna II $1470912) copy.pdf; 2017 12 13 Patriarch Form - Promissory Note (Octaluna III $1080941) copy.pdf |

Hi Carlos,

Please find the attached signed copies of the promissory notes.

Best,
Steve


**Stephen A. Fletcher**
Chief Executive Officer

847 329 6600 Direct
312 515 2750 Cell



9855 Woods Drive
Skokie, Illinois 60077

randmcnally.com

---

**From:** Carlos Mercado <Carlos.Mercado@PatriarchPartners.com>
**Date:** Wednesday, December 13, 2017 at 4:34 PM
**To:** "Chang, Grace" <gchang@randmcnally.com>
**Cc:** Steve Fletcher <sfletcher@RandMcNally.com>, Kevin Dell <Kevin.Dell@PatriarchPartners.com>, Alicia Staggers <Alicia.Staggers@PatriarchPartners.com>
**Subject:** Privileged & Confidential - Tax Distribution

Grace,

As a follow up to our discussion on the tax distribution, the LLC Members would like ensure that the outstanding balance of $3,263,996 be satisfied within a 12-month period.  As such, the Manager has executed the attached promissory notes outlining a monthly schedule of payments from January to December 2018.  The combined monthly payment impact to RM will be $272K.

The summary terms of the promissory notes are:
1. Each note will be paid in 12 monthly installments from January to December 2018

2. Holder reserves the right to charge interest on the past due amount in the event a monthly payment is missed (prime + 3%)
3. The notes may be pre-paid without penalty.
4. The Obligor provides various reps and warranties regarding due organization, due authorization to execute, and due execution.
5. Holder reserves the right to accelerate the payment of the Note for various "Events of Default" including failure to pay installment payments, insolvency or bankruptcy events, winding up of the business, material judgments (in excess of $100,000) and acceleration of more than $100,000 on the payment of other debt.
6. Obligor indemnifies Holder from and against any and all liabilities, losses, damages, suits, judgments, etc. arising out of the Note.
7. Governed by the laws of the State of New York.
8. Venue is in the courts located in the city of New York, borough of Manhattan.
9. Waiver of jury trial.

Please let me know if you would like to discuss this further.  After your review, we would appreciate if you could have the promissory notes signed and returned to my attention.

Best,

**Carlos E. Mercado**
Controller

Patriarch Partners, LLC
One Liberty Plaza, 35th FL
New York, NY 10006
646-723-7632

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

OCTALUNA LLC, OCTALUNA II LLC,
OCTALUNA III LLC,

                    Plaintiffs,

-against-

RM ACQUISITION, LLC,

                    Defendant.

Index No. _____

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
## MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT

Plaintiffs Octaluna LLC ("Octaluna I"), Octaluna II LLC ("Octaluna II"), and Octaluna

III LLC ("Octaluna III," and together with Octaluna I and Octaluna II, the "Octaluna Entities")

respectfully submit this memorandum of law in in support of their motion under Rule 3213 of the

Civil Practice Law and Rules ("CPLR") for summary judgment in lieu of complaint against

Defendant RM Acquisition, LLC ("RM Acquisition").

This is a straightforward collection action under CPLR § 3213 seeking enforcement of

clear payment obligations set forth in three unambiguous promissory notes that the parties

expressly agreed were for outstanding tax distribution obligations. The parties agreed that

Plaintiffs may use any and all procedures available to them under New York law[1] to enforce the

---

[1] The Notes provide that they "shall be governed and construed in accordance with, the laws of the State of New York." Tilton Aff. Ex. A at 2, Ex. B at 2, Ex. C at 2. Under the Notes, RM Acquisition also submitted to the "jurisdiction of the courts located in the City of New York, Borough of Manhattan," and consented to service of process by "the mailing of copies of such process at its address specified" in the Notes. *Id.*, Ex. A at 3, Ex. B at 3, Ex. C at 3. This Court is an appropriate venue for this action and Plaintiffs are entitled to proceed pursuant to the procedures that govern actions in this forum.

Case 1:20-cv-05528-ALC   Document 1-1   Filed 07/17/20   Page 28 of 40

agreements. *See* Affidavit of Lynn Tilton dated June 18, 2020 ("Tilton Aff."), Ex. A at 2-3, Ex.

B at 2-3, and Ex. C at 2-3.

## STATEMENT OF FACTS

RM Acquisition is a Delaware limited liability company with its principal place of

business in Skokie, Illinois. It does business as "Rand McNally" and sells the well-known Rand

McNally branded maps, Road Atlas, and educational products, as well as products and services

for the trucking and commercial transportation industry, including computerized fleet

management and compliance systems that are installed in commercial trucks to provide GPS

navigation, mobile communication and electronic logging of hours of service, and other

functions that enable trucking companies to manage their fleets and comply with state and

federal regulations. Tilton Aff. ¶ 4.

On or about December 17, 2017, RM Acquisition executed three Promissory Notes in

favor of the Octaluna Entities. Tilton Aff. ¶¶ 6-8. The Notes are signed on behalf of RM

Acquisition by its Chief Executive Officer, Stephen A. Fletcher. *Id*. Ex. A at 4, Ex. B at 4, Ex. C

at 4. The Notes reflect tax distribution amounts that RM Acquisition was obligated to pay to the

Octaluna Entities for tax periods in 2016. *Id*. ¶ 5. The terms in each Note are identical, save for

the holder, the principal amounts, and the tax periods. *Id.* ¶ Exs. A-C. In the Notes, RM

Acquisition agreed to pay Octaluna I the principal sum of $712,143.00 ("Octaluna I Note"), *id.*,

Ex A. at 1, Octaluna II the principal sum of $1,470,912.00 ("Octaluna II Note"), *id.*, Ex B. at 1,

and Octaluna III the principal sum of $1,080,941.00 ("Octaluna III Note"), *id.*, Ex C. at 1.

Each of the Notes contained a schedule of identical deadlines for repayment of the

principal amounts on a monthly basis. *Id.* Ex. A. at 5, Ex. B. at 5, and Ex. C. at 5. Any principal

amount still outstanding by the Due Date of December 31, 2018 would begin to accrue interest at

INDEX NO. 652625/2020
RECEIVED NYSCEF: 06/19/2020

Case 1:20-cv-05528-ALC   Document 1-1   Filed 07/17/20   Page 29 of 40

"the prime rate (as published in the print version of the Wall Street Journal from time to time) plus three percent (3%) per annum, accruing daily." *Id.* Ex. A. at 1, Ex. B. at 1, and Ex. C at 1. The parties agreed that in the event of default, including where RM Acquisition "fail[ed] to make any payment on the due date set forth" in the Exhibits attached to the Notes, then "the entire Principal Amount, together with all interest accrued to such date and any other amounts owing hereunder shall immediately become due and payable." *Id.* Ex. A at 2, Ex. B at 2, and Ex. C at 2. Finally, RM Acquisition agreed to indemnify the Octaluna Entities for "all reasonable costs and expenses in connection with . . . enforcement of or in commencing . . . in any litigation or in filing any pleading in legal proceedings relating to" the Notes. *Id.* Ex. A at 1, Ex. B at 1, and Ex. C at 1.

RM Acquisition made the payments due on the Notes for a period of time but stopped making payments in June 2019. RM Acquisition failed to pay the principal balance of $144,200 due on the Octaluna I Note, the principal balance of $480,666 due on the Octaluna II Note, and the principal balance of $218,877 due on the Octaluna III Note by the December 31, 2018 Due Date. Tilton Aff. ¶ 10. As of June 17, 2020, RM Acquisition has also failed to pay the accrued and outstanding interest of $143,722.89 since December 2018. *Id.* ¶ 13. Despite repeated demands for payment, Defendant has defaulted on its clear obligations. *Id.* ¶¶ 11-13.

## **ARGUMENT**

Under CPLR § 3213, "[w]hen an action is based upon an instrument for the payment of money only . . . , the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." CPLR § 3213 applies to a "payment of money only" which is "unconditional promise by defendant to pay plaintiff a sum certain over a stated period." *Solanki v. Pandya*, 269 A.D.2d 189, 189 (1st Dep't 2000).

3

A promissory note is an "instrument for the payment of money only within the meaning of CPLR 3213." *Bennell Hanover Assocs. v. Neilson*, 215 A.D.2d 710, 711 (2d Dep't 1995); *see also Alard, L.L.C. v. Weiss*, 1 A.D.3d 131, 131 (1st Dep't 2003) ("Plaintiff was properly granted summary judgment in lieu of complaint in this action on a promissory note."). A prima facie case on enforcement of a promissory note "can be defeated only by proof demonstrating the existence of a triable issue of fact with respect to a bona fide defense." *Friends Lumber Inc. v. Cornell Dev. Corp.*, 243 A.D.2d 886, 887 (3rd Dep't 1997). "[M]ere conclusions, expressions of hope or unsubstantiated allegations are insufficient [to defeat the motion]." *Fair v. Fuchs*, 219 A.D.2d 454, 456 (1st Dep't 1995) (citing *Zuckerman v. City of N.Y.*, 49 N.Y.2d 557 (1980)).

A prima facie case for summary judgment in lieu of complaint is set forth where the plaintiff establishes that the defendant (a) executed a promissory note containing an unconditional promise to pay a sum certain and (b) defaulted under the promissory note. *See Mehta v. Mehta*, 168 A.D.3d 716, 716 (2nd Dep't 2019); *Azteca v. Una Vez Mas San Francisco, LLC*, No. 653778/12, 2013 WL 3477136 (unpaginated) (Sup. Ct. 2013) (citing *Seaman-Andwall Corp. v. Wright Mach. Corp.*, 31 A.D.2d 136, 137 (1st Dept 1968)).

Further, where a promissory note provides that the maker shall pay the attorney's fees, costs and expenses incurred by the holder in being forced to bring a suit for collection of the amounts due under the note, the holder is entitled to such an award. *See NARA Bank v. NYC Visual Group, LLC*, No. 114361/10, 2011 WL 675244 (unpaginated) (Sup Ct. February 17, 2011) (citing *AG Ship Maintenance Corp. v. Lezak*, 69 N.Y.2d 1, 5 (1986)).

In this case, the Notes executed by RM Acquisition represent unconditional promises to pay Plaintiffs the principal in full by the Due Date of December 31, 2018, and the principal in installments set forth by the monthly deadlines in the Notes, plus interest accruing on portions of

Case 1:20-cv-05528-ALC   Document 1-1   Filed 07/17/20   Page 31 of 40

the principal remaining unpaid. Although the obligations under the Notes became due on December 31, 2018, RM Acquisition has not satisfied its obligations to Plaintiffs and is plainly in default under all of the Notes. RM Acquisition still has not paid the outstanding principal balance of $144,200 on the Note held by Octaluna I, the outstanding principal balance of $480,666 on the Note held by Octaluna II, and the outstanding principal balance of $218,877 on the Note held by Octaluna III.  In total, the Defendant has failed to pay $843,743 in principal due on the Notes to the Octaluna Entities, and it has no bona fide defense for its failure to pay.

Thus, pursuant to the terms of the Notes, the Octaluna Entities are entitled to summary judgment in the total amount of $843,743 ($144,200 to Octaluna I, $480,666 to Octaluna II, and $218,877 to Octaluna III), plus total accrued and unpaid interest of $143,722.89 as of June 17, 2020. The Octaluna Entities are also entitled to an award for the reasonable attorney's fees, costs and expenses incurred in asserting their rights under the Notes.

## **CONCLUSION**

Based on the foregoing, Plaintiffs Octaluna I, Octaluna II, and Octaluna III respectfully request that the Court (i) grant their motion for summary judgment in lieu of complaint; (ii) award judgment in favor of the Octaluna Entities against RM Acquisition in the principal balance of $843,743, plus total accrued and unpaid interest of at least $143,722.89; (iii) award the Octaluna Entities all attorneys' fees, costs, and expenses they have incurred in connection with enforcing the Notes[2]; and (iv) grant such other and further relief as this Court deems just and proper.

---

[2]     Upon request, the Octaluna Entities will provide details regarding the attorneys' fees, costs, and expenses they have incurred in enforcing their rights under the Notes.

5

Case 1:20-cv-05528-ALC   Document 1-1   Filed 07/17/20   Page 32 of 40

Dated:  New York, New York
        June 19, 2020

**SHER TREMONTE LLP**

By:   /s/ Theresa Trzaskoma
       Theresa Trzaskoma
       Kimo S. Peluso
       Jennifer X. Luo
90 Broad Street, 23rd Floor
New York, New York 10004
Tel: 212.202.2600
ttrzaskoma@shertremonte.com
kpeluso@shertremonte.com
jluo@shertremonte.com

*Attorneys for Plaintiffs Octaluna, LLC, Octaluna II,*
*LLC, and Octaluna III, LLC*

FILED: NEW YORK COUNTY CLERK 06/19/2020 05:33 PM   INDEX NO. 652525/2020
NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 07/13/2020

# REQUEST FOR JUDICIAL INTERVENTION



UCS-840
(rev. 07/29/2019)

SUPREME COURT, COUNTY OF NEW YORK

Index No: _652525/2020_    Date Index Issued: __June 26, 2020__

**For Court Use Only:**

IAS Entry Date

**CAPTION**    Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

Octaluna LLC, Octaluna II, LLC, and Octaluna III, LLC

Plaintiff(s)/Petitioner(s)

Judge Assigned

-against-
RM Acquisition, LLC

RJI Filed Date

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING**    Check only one box and specify where indicated.

**COMMERCIAL**
- O  Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ◉  Contract
- O  Insurance (where insurance company is a party, except arbitration)
- O  UCC (includes sales and negotiable instruments)
- O  Other Commercial (specify): _____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**REAL PROPERTY**    Specify how many properties the application includes: ____
- O  Condemnation
- O  Mortgage Foreclosure (specify):    O Residential    O Commercial
  Property Address: _____
  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- O  Tax Certiorari
- O  Tax Foreclosure
- O  Other Real Property (specify): _____

**OTHER MATTERS**
- O  Certificate of Incorporation/Dissolution    [see *NOTE* in COMMERCIAL section]
- O  Emergency Medical Treatment
- O  Habeas Corpus
- O  Local Court Appeal
- O  Mechanic's Lien
- O  Name Change
- O  Pistol Permit Revocation Hearing
- O  Sale or Finance of Religious/Not-for-Profit Property
- O  Other (specify): _____

**MATRIMONIAL**
- O  Contested
  *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).*
  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**TORTS**
- O  Asbestos
- O  Child Victims Act
- O  Environmental: _____
- O  Medical, Dental or Podiatric Malpractice
- O  Motor Vehicle
- O  Products Liability (specify): _____
- O  Other Negligence (specify): _____
- O  Other Professional Malpractice (specify): _____
- O  Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- O  CPLR Article 75 (Arbitration) [see *NOTE* in COMMERCIAL section]
- O  CPLR Article 78 (Body or Officer)
- O  Election Law
- O  Extreme Risk Protection Order
- O  MHL Article 9.60 (Kendra's Law)
- O  MHL Article 10 (Sex Offender Confinement-Initial)
- O  MHL Article 10 (Sex Offender Confinement-Review)
- O  MHL Article 81 (Guardianship)
- O  Other Mental Hygiene (specify): _____
- O  Other Special Proceeding (specify): _____

**STATUS OF ACTION OR PROCEEDING**    Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | O | ◉ | If yes, date filed: _____ |
| Has a summons and complaint or summons with notice been served? | O | ◉ | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | O | ◉ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION**    Check one box only and enter additional information where indicated.

- O  Infant's Compromise
- O  Extreme Risk Protection Order Application
- O  Note of Issue/Certificate of Readiness
- O  Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____
- ◉  Notice of Motion    Relief Requested: _____    Return Date: _____
- O  Notice of Petition    Relief Requested: _____    Return Date: _____
- O  Order to Show Cause    Relief Requested: _____    Return Date: _____
- O  Other Ex Parte Application    Relief Requested: _____
- O  Poor Person Application
- O  Request for Preliminary Conference
- O  Residential Mortgage Foreclosure Settlement Conference
- O  Writ of Habeas Corpus
- O  Other (specify): _____

## RELATED CASES
List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank.
If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A).

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
| Octaluna III, and Ark II CLO 2001-1, LTD. v. Libertas Copper, LLC | 652656/2020 | New York Supreme Court, Commercial Division | Hon. Peter Sherwood | Overlapping issues and parties. |
| Octaluna LLC, Octaluna II, LLC, Octaluna III, LLC v. RM Acquisition, LLC | Unassigned (filed July 2, 2020) | New York Supreme Court, Commercial Division | Unassigned | Overlapping issues and parties. |
| | | | | |
| | | | | |

## PARTIES
For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided.
If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A).

| Un-Rep | Parties<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants<br>For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined<br>For each defendant, indicate if issue has been joined. | Insurance Carriers<br>For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: Octaluna, LLC<br>Role(s): Plaintiff | Theresa Trzaskoma, Sher Tremonte LLP, 90 Broad St, 23rd Fl, New York, NY 10004 (212)202-2600, ttrzaskoma@shertremonte.com | ○ YES  ○ NO | |
| ☐ | Name: Octaluna, LLC<br>Role(s): Plaintiff | Jennifer Luo, Sher Tremonte LLP, 90 Broad St, 23rd Fl, New York, NY 10004 (212)202-2600, jluo@shertremonte.com | ○ YES  ○ NO | |
| ☐ | Name: Octaluna II, LLC<br>Role(s): Plaintiff | Theresa Trzaskoma, Sher Tremonte LLP, 90 Broad St, 23rd Fl, New York, NY 10004 (212)202-2600, ttrzaskoma@shertremonte.com | ○ YES  ○ NO | |
| ☐ | Name: Octaluna II, LLC<br>Role(s): Plaintiff | Jennifer Luo, Sher Tremonte LLP, 90 Broad St, 23rd Fl, New York, NY 10004 (212)202-2600, jluo@shertremonte.com | ○ YES  ○ NO | |
| ☐ | Name: Octaluna III, LLC<br>Role(s): Plaintiff | Theresa Trzaskoma, Sher Tremonte LLP, 90 Broad St, 23rd Fl, New York, NY 10004 (212)202-2600, ttrzaskoma@shertremonte.com | ○ YES  ○ NO | |
| ☐ | Name: Octaluna III, LLC<br>Role(s): Plaintiff | Jennifer Luo, Sher Tremonte LLP, 90 Broad St, 23rd Fl, New York, NY 10004 (212)202-2600, jluo@shertremonte.com | ○ YES  ○ NO | |
| ☑ | Name: RM Acquisition, LLC<br>Role(s): Defendant | RM Acquisition, LLC, 9855 Woods Drive Skokie, Illinois 60077 | ○ YES  ⦿ NO | |
| ☐ | Name: Octaluna, LLC<br>Role(s): Plaintiff | Kimo Peluso, Sher Tremonte LLP, 90 Broad St, 23rd Fl, New York, NY 10004 (212)202-2600, kpeluso@shertremonte.com | ○ YES  ○ NO | |
| ☐ | Name: Octaluna II, LLC<br>Role(s): Plaintiff | Kimo Peluso, Sher Tremonte LLP, 90 Broad St, 23rd Fl, New York, NY 10004 (212)202-2600, kpeluso@shertremonte.com | ○ YES  ○ NO | |
| ☐ | Name: Octaluna III, LLC<br>Role(s): Plaintiff | Kimo Peluso, Sher Tremonte LLP, 90 Broad St, 23rd Fl, New York, NY 10004 (212)202-2600, kpeluso@shertremonte.com | ○ YES  ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES  ○ NO | |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.

Dated: 07/09/2020

_____
Signature

5226717                                    Jennifer X. Luo
Attorney Registration Number               Print Name

Case 1:20-cv-05528-ALC   Document 1-1   Filed 07/17/20   Page 35 of 40

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

OCTALUNA, LLC, OCTALUNA II, LLC, and
OCTALUNA III, LLC,

Index No. _____

                Plaintiffs,

**AFFIDAVIT OF SERVICE**

-against-

RM ACQUISITION, LLC

                Defendant.

STATE OF NEW JERSEY  )
COUNTY OF HUDSON    )

The undersigned, being duly sworn, deposes and says:

1.     I, Jennifer X. Luo, am not a party to this action, am over 18 years of age, and am

employed at Sher Tremonte LLP, 90 Broad Street, 23rd Floor, New York, New York 10004.

2.     That on June 22, 2020, I served one (1) true copy of the within:

    **a.**    **SUMMONS AND 3213 MOTION W/ RJI (Dkt. 1);**

    **b.**    **NOTICE OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF
COMPLAINT (Dkt. 2);**

    **c.**    **AFFIDAVIT OF LYNN TILTON with EXHIBITS A, B, C, D (Dkts.
3–7);**

    **d.**    **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT IN LIEU OF COMPLAINT (Dkt. 8);**

    **e.**    **RJI – RE: NOTICE OF MOTION (Dkt. 9);**

    **f.**    **ADDENDUM – COMMERCIAL DIVISION (840C) (Dkt. 10); and**

    **g.**    **NOTICE OF COMMENCEMENT;**

1

Case 1:20-cv-05528-ALC    Document 1-1    Filed 07/17/20    Page 36 of 40

upon Defendant RM Acquisition, LLC at the following address:

9855 Woods Drive
Skokie, Illinois 60077

by **United States Certified Mail Return Receipt Requested** by depositing the same in a post-

paid, properly addressed envelope in an official depository of the United States Post Office, in

Hoboken, State of New Jersey, for processing under the exclusive care and custody of the United

States Postal Service.

Jennifer X. Luo

Sworn to before me this $\underline{26^{th}}$ day of June, 2020

Notary Public

Sarahi Echaverri
Notary Public
New Jersey
My Commission Expires 01-09-2025
No. 50119604

2

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

OCTALUNA, LLC, OCTALUNA II, LLC, and
OCTALUNA III, LLC,

               Plaintiffs,

    -against-

RM ACQUISITION, LLC

               Defendant.

---

Index No. _____

**AFFIDAVIT OF SERVICE**

STATE OF NEW JERSEY  )
COUNTY OF HUDSON   )

The undersigned, being duly sworn, deposes and says:

1.    I, Jennifer X. Luo, am not a party to this action, am over 18 years of age, and am

employed at Sher Tremonte LLP, 90 Broad Street, 23rd Floor, New York, New York 10004.

2.    That on June 22, 2020, I served one (1) true copy of the within:

    **a.**    **SUMMONS AND 3213 MOTION W/ RJI (Dkt. 1);**

    **b.**    **NOTICE OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT (Dkt. 2);**

    **c.**    **AFFIDAVIT OF LYNN TILTON with EXHIBITS A, B, C, D (Dkts. 3–7);**

    **d.**    **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT (Dkt. 8);**

    **e.**    **RJI – RE: NOTICE OF MOTION (Dkt. 9);**

    **f.**    **ADDENDUM – COMMERCIAL DIVISION (840C) (Dkt. 10); and**

    **g.**    **NOTICE OF COMMENCEMENT;**

1

upon Defendant RM Acquisition, LLC at the following address:

9855 Woods Drive
Skokie, Illinois 60077

by **United States Certified Mail Return Receipt Requested** by depositing the same in a post-

paid, properly addressed envelope in an official depository of the United States Post Office, in

Hoboken, State of New Jersey, for processing under the exclusive care and custody of the United

States Postal Service.

Sworn to before me this 26 day of June, 2020

Notary Public

Jennifer X. Luo

Sarahi Echaverri
Notary Public
New Jersey
My Commission Expires 01-09-2025
No. 50119904

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

OCTALUNA, LLC, OCTALUNA II, LLC and
OCTALUNA III, LLC,

                  Plaintiffs,

      - against –

RM ACQUISITIONS, LLC,

                  Defendant.

Index No.: 652625/2020

**NOTICE OF APPEARANCE**

       PLEASE TAKE NOTICE that the undersigned, Theresa Trzaskoma of the firm Sher

Tremonte LLP, hereby appears as counsel for Plaintiffs Octaluna, LLC, Octaluna II, LLC and

Octaluna III, LLC in connection with the above-captioned action.

Date:  New York, New York
       June 26, 2020

                        By: */s/ Theresa Trzaskoma*
                            Theresa Trzaskoma

                        SHER TREMONTE LLP
                        90 Broad Street, 23rd Floor
                        New York, New York 10004
                        Email: ttrzaskoma@shertremonte.com

                        *Attorney for Plaintiffs*
                        *Otcaluna, LLC,*
                        *Octaluna II, LLC*
                        *Octaluna III, LLC*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

OCTALUNA, LLC, OCTALUNA II, LLC and
OCTALUNA III, LLC,

                        Plaintiffs,

        - against –

RM ACQUISITIONS, LLC,

                        Defendant.

Index No.: 652625/2020

**NOTICE OF APPEARANCE**

PLEASE TAKE NOTICE that the undersigned, Kimo S. Peluso of the firm Sher

Tremonte LLP, hereby appears as counsel for Plaintiffs Octaluna, LLC, Octaluna II, LLC and

Octaluna III, LLC in connection with the above-captioned action.

Date:  New York, New York
       June 26, 2020

                        By: */s/ Kimo S. Peluso*
                               Kimo S. Peluso

                        SHER TREMONTE LLP
                        90 Broad Street, 23rd Floor
                        New York, New York 10004
                        Email: kpeluso@shertremonte.com

                        *Attorney for Plaintiffs*
                        *Otcaluna, LLC,*
                        *Octaluna II, LLC*
                        *Octaluna III, LLC*